UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

'08 MJ1593

UNITED STATES OF AMERICA,  ) Magistrate Docket No.
            Plaintiff,  )
            v.  ) COMPLAINT FOR VIOLATION OF:
              )
Genaro VELTRAN-Lopez,  ) Title 8, U.S.C., Section 1326
              ) Deported Alien Found in the
              ) United States
            Defendant  )

The undersigned complainant, being duly sworn, states:

On or about **May 20, 2008** within the Southern District of California, defendant, **Genaro VELTRAN-Lopez**, an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **21st** DAY OF **MAY, 2008**

Anthony J. Battaglia
UNITED STATES MAGISTRATE JUDGE

**CONTINUATION OF COMPLAINT:**
**Genaro VELTRAN-Lopez**

## PROBABLE CAUSE STATEMENT

On May 20, 2008, Immigration and Customs Enforcement (ICE) Special Agents, along with Border Patrol Agents from the Imperial Beach Border Patrol Station, went to a residence in the 4400 block of Polk Avenue in San Diego, California in order to conduct an interview of the occupants. Information from an ongoing investigation had been received that the residence was being used as an alien smuggling drop house.

At approximately 7:30 AM, ICE Agent T. Dekreek and Supervisory Border Patrol Agent R. Del-Villar approached the residence. Agent Dekreek was in plain clothes with his badge clearly visible on his chest. Agent R. Del Villar was in plain clothes wearing a jacket identifying him as a Border Patrol Agent.

As the Agents Dekreek and Del-Villar approached the front door of the residence in they noticed the odor of marijuana coming from the residence. They also noticed that the front door was open and there was an individual sitting on a pull out sofa bed. Agent Dekreek identified himself as a federal agent and asked the individual for permission to enter the residence. The individual replied yes. The Agents entered the residence and observed another individual, later identified as defendant **Genaro VELTRAN-Lopez**, sitting on the floor in the corner.

Agent Del-Villar questioned the defendant and two other individuals as to their citizenship. All admitted to being citizens of Mexico with no documentation to legally remain in the United States. Agent Dekreek questioned the individual sitting on the couch as to whether he resided in the residence, to which he replied that he did. Agent Dekreek then asked if he had full control of the residence, to which he replied that he did. Agent Dekreek informed the tenant that they (agents) had received information that the residence was being used as an alien smuggling drop house. Agent Dekreek then asked the tenant for permission to search the residence. The tenant granted agents permission. At approximately 8:00 AM Agents Dekreek and Del Villar placed all four individuals under arrest were then transported to the Imperial Beach Border Patrol Station for processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico** on **November 27, 2006** through **San Ysidro, California.** These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant was advised of his Miranda rights. The defendant stated that he understood his rights and was willing to answer questions without an attorney present. The defendant admitted that he is a citizen and national of Mexico illegally present in the United States. The defendant further admitted that he had been previously deported from the United States and has not applied or requested permission to re-enter the United States legally.